

**ORDERED in the Southern District of Florida on September 28, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

IN RE:                                                                 CASE NO: 10-41276-BKC-AJC
                                                                       Chapter 11
    FOUR CORNERS INTERNATIONAL,
INC.,

        Debtor.
_____/

## ORDER ON MOTION TO VALUE COLLATERAL

THIS CAUSE came on before the Court for evidentiary hearing on June 8, 2011, and continued on June 21, 2011, on the Debtor's Motion to Value Property [D.E. 48] and Secured Creditors', Francisco and Rosa Torres' ("Secured Creditors") Objection to Debtor's Motion to Value [D.E. 56] both filed in this case. The evidentiary hearing was held to determine the value of the Debtor's primary asset, an industrial building located at 790 W 20th Street, Hialeah, Florida 33010. Adequate notice was given. The Court having received testimony from the Secured Creditors expert appraiser, Jose Ortega, the expert appraiser for the Debtor, Jorge Machare, having observed the candor and demeanor of the witnesses, having admitted into evidence certain of the Secured

Creditors' and Debtor's exhibits, having heard argument of counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law.

On October 14, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor's primary asset is an industrial building located at 790 W 20th Street, Hialeah, Florida 33010. The 16,450 Square Foot building is situated on a 29,868 square foot site. The property was last advertised for sale in June 2010 for $980,000.

The Secured Creditors filed its Objection to Debtor's Motion to Value and the Court determined that for purposes of the Motion to Value, the value of the Debtor's industrial property was a substantial evidentiary issue in dispute and the determination of its value required a separate evidentiary hearing. An evidentiary hearing on the value of the Debtor's property was thus held on June 8, 2011 and was continued until June 21, 2011.

At the Hearing, the Secured Creditors presented expert testimony by Jose Ortega, who valued the property $700,000.00. The Debtor presented expert testimony by Jose Machare who valued the property at 390,000 dollars. The Debtor moved into evidence Mr. Machare's appraisal report and the Secured Creditors moved into evidence Mr. Ortega's appraisal report. After weighing and analyzing the testimony and exhibits, the Court finds the testimony and methodology of Mr. Ortega to be very credible and further finds that the value of the industrial property located at 790 West 20th Street is $700,000.00 based upon Mr. Ortega's testimony, his appraisal report, and the other evidence of value introduced by the Secured Creditors at the Hearing.

Both Mr. Machare and Mr. Ortega used two approaches to determine the market value of the property: the income approach and the sales comparison approach. Each approach required reference to its own set of comparable properties. Mr. Ortega testified that he gave equal weight to the Sales Comparison and the Income Approach. The Court finds that the comparables that Mr. Ortega used for the sales comparison approach seem more reliable than those used by Mr. Machare. The comparables used by Mr. Machare were a further distance away from the subject property. Mr. Ortega testified that no adjustments were necessary to the comparables used due to the close distance and similarities of the properties. Mr. Machare's adjustments to his comparable properties appeared to place an unnecessary discount on such properties. Mr. Machare's testimony regarding the superior condition of the comparable properties is unsupported by the record.

The Court further finds the calculations used in the Income Approach by Mr. Ortega to be more reliable than those appearing in Mr. Machare's appraisal. According to testimony of Mr. Ortega, Mr. Machare's basis for calculating the potential income of the subject property was a profit of $4.00 per square foot in a "net" lease. Then, after calculating the potential income based upon a "net" lease, Mr. Machare subtracted certain costs that should have already been factored into a net lease, such as Repairs and Replacements, Taxes, and Insurance. The Court believes that Mr. Machare's definition of a "net" lease (a lease where the tenant pays all expenses) results in subtracting typical lease expenses a second time from the post-rent collection. As such, Mr. Machare's calculations of the income approach appear to be underestimated.

Mr. Machare's Sales Comparison and Income approaches both resulted in a

value of $390,000 dollars and such valuations are drastically lower than the valuation of Mr. Ortega (coming in at $660,000 and $730,000 respectively).  Mr. Machare's valuation is even more drastically lower than the Miami-Dade Tax Assessor's valuation of the property of $813,568.00, which Mr. Machare admitted to not utilizing and taking into account in his valuation of the subject property.  The Court finds Mr. Ortega's valuation is supported by the Miami-Dade County Tax Assessor valuation of $813,568 and Mr. Ortega testified that such value was used in his determination of the value of the subject property.

The Court, therefore, finds that the value of the industrial property located at 790 West 20th Street, Hialeah, Florida 33010 is $700,000.00 based upon Mr. Ortega's testimony, his appraisal report, and the other evidence of value introduced by the Secured Creditors at the Hearing.  Accordingly, it is

ORDERED AND ADJUDGED that the Motion is GRANTED and the value of the property is $700,000.00.

###

Submitted by:
Ross D. Kulberg, Esq.
Attorney for Secured Creditors, Francisco and Rosa Torres
ALBERTO N. MORIS, P.A.
8700 W. Flagler Street, Suite 120
Miami, Florida 33174
(305) 559-1600
rkulberg@anmpa.com

Ross D. Kulberg, Esq. is directed to serve copies of this signed order on the parties listed below and file a certificate of service conforming with Local Rule 2002-1(F).

Julia Kefalinos, Esq.
United States Trustee
Fernando Casamayor, Esq.
Constance D. Russell, Esq.
Franck D. Chantayan, Esq.